**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DEBORAH CHITESTER**, <br><br> Plaintiff, <br><br> v. <br><br> **US BANK AND FAY SERVICING**, <br><br> Defendants. | Civil Action No. 23-22554 (ZNQ) (JTQ) <br><br> **OPINION** |

**QURAISHI, District Judge**

      **THIS MATTER** comes before the Court upon Defendants U.S. Bank Trust National Association ("U.S. Bank") and Fay Servicing, L.L.C.'s (collectively, "Defendants") Motion to Dismiss the Amended Complaint. (ECF No. 141 ("Motion").) Defendants filed a brief in support of the Motion. (ECF No. 141-1 ("Moving Br.").) Plaintiff Deborah Chitester ("Plaintiff" or "Chitester") filed her opposition to the Motion in a splintered fashion across several submissions. (ECF Nos. 157, 159, 160, 161, 163.) Defendants replied. (ECF No. 168.) Plaintiff also filed a Motion for *Pro Bono* Counsel. (ECF No. 188.) Defendants opposed (ECF No. 193), and Plaintiff replied (ECF No. 203).

      The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** the Motion to Dismiss and **DENY** the Motion for *Pro Bono* Counsel.

I.      **BACKGROUND AND PROCEDURAL HISTORY**[1]

    A.  **State Court Actions**[2]

On March 2, 2021, U.S. Bank, as owner trustee for VRMTG Asset Trust, brought a foreclosure action against Chitester in New Jersey Superior Court. Compl. ¶ 1, *U.S. Bank Nat'l Assoc. v. Chitester*, No. SWC-F-001101-21 (N.J. Super. Ct.). On September 27, 2005, Chitester executed a note to secure payment of the sum of $323,065.00 at an initial interest rate of 6.180 percent with monthly payments of $1,114.97 beginning on November 15, 2005. *Id*. Chitester executed a loan modification agreement on October 2, 2006, which adjusted her interest rate to 2.9000%. *Id*. ¶ 4. On March 24, 2007, she executed a second loan modification agreement, adjusting her monthly payment with interest to $1,909.52. *Id*. ¶ 5. Plaintiff went into default on her loan as of January 15, 2020 and failed to make arrangements to bring the loan current, which resulted in U.S. Bank pursuing a foreclosure action against her. *Id*. ¶ 11.

On August 20, 2021, Chitester filed an answer in Superior Court asserting over twenty affirmative defenses, including fraud, unjust enrichment, violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*. and the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*., bad faith, and breach of fiduciary duty. Answer at 7-10, *U.S. Bank Nat'l Assoc. v. Chitester*, No. SWC-F-001101-21 (N.J. Super. Ct.). She also asserted two counterclaims—(1) violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. 56:8-2, and (2) unjust enrichment. *Id*. at 10-16.

---

[1] Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[2] The Court takes judicial notice of the filings in *U.S. Bank Trust National Association v. Chitester*, No. SWC-F-001101-21 (N.J. Super. Ct.) and *Chitester v. U.S. Bank Trust N.A.*, No. MER-L-000593-23 (N.J. Super. Ct.) as they are matters of public record. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

After approximately a year of litigation, on April 25, 2022, the state court granted summary judgment in favor of U.S. Bank on all claims. Order, *U.S. Bank Nat'l Assoc. v. Chitester*, No. SWC-F-001101-21 (N.J. Super. Ct.).

On March 28, 2023, Chitester filed a civil complaint in New Jersey Superior Court against U.S. Bank, Fay Servicing, L.L.C., and Stern & Eisenberg, P.C., arising from U.S. Bank's foreclosure action against her. Compl., *Chitester v. U.S. Bank Trust N.A.*, No. MER-L-000593-23 (N.J. Super. Ct.). Among other things, Chitester challenged U.S. Bank's denial of a loan modification in 2020 and the withdrawal of a permanent loan modification offered to her in 2022. *Id*. ¶¶ 31-61. She pursued the following claims: *respondeat superior*, quiet title, breach of contract, breach of the covenant of good faith and fair dealing, violation of the New Jersey Consumer Fraud Act, unjust enrichment, common law fraud, breach of fiduciary duty, negligent infliction of emotional distress, intentional infliction of emotional distress, negligence, and violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. *Id*. at 9-23.

On June 7, 2023, the state court dismissed the complaint without prejudice. Dismissal Order, *Chitester v. U.S. Bank Trust N.A.*, No. MER-L-000593-23 (N.J. Super. Ct.). Subsequently, on June 14, 2023, Stern & Eisenberg sought sanctions against Chitester and her attorney. Sanctions Mot., *Chitester v. U.S. Bank Trust N.A.*, No. MER-L-000593-23 (N.J. Super. Ct.). The court granted Stern & Eisenberg's motion to sanction Chitester's attorney, not Chitester, requiring her attorney to pay attorney's fees to Stern & Eisenberg in the amount of $6,657.22. Sanction Order, *Chitester v. U.S. Bank Trust N.A.*, No. MER-L-000593-23 (N.J. Super. Ct.). Plaintiff has since sought to reopen this state court matter but failed to pay the reinstatement fee.

**B. Procedural History**

On November 21, 2023, Plaintiff, proceeding *pro se*, initiated the instant action against U.S. Bank and Fay Servicing. (ECF No. 1.) The Court denied without prejudice Plaintiff's

3

application to proceed *in forma pauperis* on January 1, 2024. (ECF No. 22.) On August 2, 2024, the Court granted Plaintiff's renewed application to proceed *in forma pauperis* and deemed the Amended Complaint filed. (ECF No. 95.)

Construing liberally the Amended Complaint filed on March 7, 2024, Plaintiff appears to assert claims for breach of contract and violation of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and RESPA. (ECF No. 44 ("Am. Compl.") at 4-5.) She seems to base those claims on the state foreclosure action filed by U.S. Bank in 2021, the denial of a loan modification in 2020, the breach of a "trial payment plan," and Defendants' failure to provide information that Plaintiff could understand. (*Id*. at 5.) By way of relief, Plaintiff asserts that she seeks "[ex]tra fees" and "improper loan denial will provide proof of fees itemize." (*Id*. at 6.)

On August 8, 2024, the Court permitted Plaintiff to file "one additional Amended Complaint" prior to asking for the U.S. Marshals Service to serve Defendants. (ECF No. 101.) As of September 4, 2024, Plaintiff had failed to file an amended pleading. (ECF No. 113.) The Honorable Justin T. Quinn, U.S.M.J. (the "Magistrate Judge"), allowed Plaintiff until September 30, 2024 to file the Second Amended Complaint. (ECF No. 115.) Plaintiff requested an additional day, until October 1, 2024, to file her amended pleading, which the Magistrate Judge granted. (ECF No. 119.) However, he ordered that Plaintiff would receive no additional extensions beyond this date. (*Id*.) Plaintiff failed to file the Second Amended Complaint by October 1, 2024, and the Magistrate Judge ordered Defendants to respond to the Amended Complaint. (ECF No. 137.)

Defendants filed their Motion to Dismiss on November 11, 2024. (ECF No. 141.) That motion is now ripe for decision.

## II.    SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff brings claims under federal statues—the ADA and RESPA.

4

III.  **LEGAL STANDARD**

Rule 8 of the Federal Rules of Civil Procedure requires plaintiffs to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each averment must be 'simple, concise, and direct.'" *Washington v. Warden SCI-Greene*, 608 F. App'x 49, 52 (3d Cir. 2015) (quoting Fed. R. Civ. P. 8(d)(1)). "Taken together, Rules 8(a) and [8(d)(1)] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996). At its core, the purpose of a pleading is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

IV.  **DISCUSSION**

   A. **Motion to Dismiss**

Defendants argue that Plaintiff has failed to meet the pleading requirements of Rule 8 because, at most, she lists a "series of vague grievances without any factual support." (Moving Br. at 21.)  Even viewed in the light most favorable to Plaintiff, the Amended Complaint provides almost no factual detail supporting her apparent claims that Defendants "breached" the "trial payment plan" and that Defendants violated the ADA and RESPA.  (Am. Compl. at 4-5.)  She notes only that "US Bank Fay Servicing" filed a foreclosure action in 2021, that "US Bank Fay Servicing" denied a loan modification "with sufficient income" and "no appeal offered," and that Defendants failed to provide her with information that she could understand.  (*Id*. at 5.)  She also alleges in a conclusory fashion that "Fay Servicing on behalf of US Bank" breached the trial payment plan and that the "[m]ajority" of her "claim" is "centered on" this alleged breach.  (*Id*.)  Such scant allegations prevent the Court and Defendants from determining whether what Plaintiff has alleged is more than conclusory and whether Plaintiff may satisfy the elements of the claims

5

that she seems to pursue. *See Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) ("Fundamentally, Rule 8 requires that a complaint provide fair notice of what the . . . claim is and the grounds upon which it rests." (cleaned up)).

In addition, Plaintiff repeatedly states that she intends to file "additional paper" or "separate pieces of paper" in support of her claims. (Am. Compl. at 5-6.) However, she includes no additional information with her form complaint. Instead, for over a year, Plaintiff has filed letter after letter, many of which contain snippets of information that she seems to offer in support of the Amended Complaint. (*See, e.g.*, ECF Nos. 45-94.) The Court finds that this piecemeal pleading fails to satisfy the requirements of Rule 8. *See Ford v. Caldwell*, No. 22-4500, 2024 WL 361227, at *1 (D.N.J. Jan. 30, 2024) ("If Plaintiff chooses to submit an amended complaint, he may not submit piecemeal addenda to his amended complaint, and must put all his facts and claims in a single all-inclusive amended complaint."); *Brown v. Porrata*, No. 21-3219, 2021 WL 4132297, at *3 (E.D. Pa. Sept. 10, 2021) ("[T]he Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or amalgamation of pleadings, even in the context of a *pro se* litigant."); *Lewis v. Sessions*, No. 17-5475, 2017 WL 7313822, at *2 (D.N.J. Nov. 3, 2017) ("Neither Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits [a plaintiff] to submit . . . addenda to his Complaint in . . . piecemeal fashion").[3]

---

[3] *See also Edwards v. Depositors Ins. Co.*, No. 20-1074, 2021 WL 25360, at *3 (S.D. Ill. Jan. 4, 2021) ("[T]his Court has relied on the failure to comply with Rule 8(a) to dismiss a pleading, noting the disjointed, piecemeal presentation of [the plaintiff's] Complaint, as well as its length, results in a pleading that is largely unintelligible, and forces the Court to forever sift through its pages in order to parse out the claims that [the plaintiff] apparently seeks to assert." (internal quotation marks omitted)); *Williams v. Harvest Strategy Grp. Inc.*, No. 18-01307, 2018 WL 11633173, at *1 (D. Colo. Oct. 1, 2018) ("[T]he Plaintiff has submitted his pleading in piecemeal fashion, under four separate filings. The multiple filings made by the Plaintiff fails to comply with the pleading requirements of Rule 8 . . . because they fail to provide a short and plain statement of the claims the Plaintiff seeks to pursue and facts showing the Plaintiff is entitled to relief against each named Defendant."); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 16-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent[ ]. . . ."); *Prairie Pointe Condo. Ass'n v. QBE Ins. Corp.*, No. 12-3115, 2013 WL 12618667, at *1 (N.D. Ill. June 11, 2013) ("Piecemeal or splintered pleadings make it more difficult to see just what is and what is not at issue (in contrast to being able to review a self-contained pleading for that purpose).").

The Court is mindful that Plaintiff has been given multiple opportunities to file a Second Amended Complaint but has repeatedly squandered them by failing to do so despite multiple extensions. (*See, e.g.*, ECF No. 137.) However, this Court will provide Plaintiff with one final chance to submit a complaint that satisfies the requirements of Rule 8. Plaintiff's Second Amended Complaint must contain all claims and all factual support for those claims in a single document. Plaintiff will receive no extensions beyond what has been provided in the Court's Order accompanying this Opinion. If Plaintiff fails to file a Second Amended Complaint within the allotted time or to remedy the defects identified in this Opinion, the Court may dismiss this action with prejudice. Plaintiff must also properly serve each Defendant, both U.S. Bank and Fay Servicing, with both a summons and a copy of the Second Amended Complaint in accordance with Rule 4(h)[4] of the Federal Rules of Civil Procedure.[5]

---

[4] Rule 4(h) provides:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> > (1) in a judicial district of the United States:
> >
> > > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > >
> > > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
> >
> > (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

[5] Because the Court is providing Plaintiff with one final opportunity to amend her complaint, it need not address Defendants' additional arguments in favor of dismissal. The Court does note, however, that Plaintiff is subject to several judgments in state court arising from her failure to make payments on her mortgage. Thus, to the extent that Plaintiff seeks to challenge those state court judgments in this Court, such claims are likely barred by the *Rooker-Feldman* doctrine. And, if she seeks to re-litigate claims or issues that were already ruled on by the state court or arose from the same core set of facts as those litigated in state court, then claim preclusion, issue preclusion, or New Jersey's Entire Controversy doctrine may also bar her claims.

### B. Motion for *Pro Bono* Counsel

Finally, the Court notes that Plaintiff has also filed a motion for the appointment of *pro bono* counsel. (ECF No. 188.) There is no constitutional right to counsel for litigants in a civil matter, but, under 28 U.S.C. § 1915(e)(1), the Court has discretion to "request an attorney to represent any person unable to employ counsel." *See Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997). However, "[b]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Here, based on the Amended Complaint's deficiencies observed above, the Court finds that Plaintiff has failed to plead claims with merit in either fact or law. Accordingly, her motion for *pro bono* counsel will be denied without prejudice.

### V. CONCLUSION

For the reasons set forth above, and other good cause shown, Defendants' Motion to Dismiss (ECF No. 141) will be **GRANTED** and Plaintiff's Motion for Pro Bono Counsel (ECF No. 188) will be **DENIED**.

An appropriate Order follows.

Dated: June 23, 2025

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**