**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**DEBORAH CHITESTER**,

Plaintiff,

v.

**U.S. BANK, *et al.***,

Defendants.

Civil Action No. 23-22554 (ZNQ) (JTQ)

**OPINION**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion for Summary Judgment filed by Defendants U.S. Bank and Fay Servicing on January 26, 2026 (the "Motion"). (ECF No. 336.) Defendants filed a Memorandum of Law in Support of their Motion. ("Moving Br.," ECF No. 336-20.) Thereafter, *pro se* Plaintiff Deborah Chitester ("Plaintiff") filed her opposition to the Motion in a splintered fashion across several submissions. (ECF Nos. 346–52.) Defendants filed a Reply Brief on March 19, 2026. ("Reply," ECF No. 353.)

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT-IN-PART** and **DENY-IN-PART** Defendants' Motion.

## I. BACKGROUND AND PROCEDURAL HISTORY

On September 27, 2005, Plaintiff executed a promissory note (the "Mortgage Loan") in the amount of $323,065.00, secured by a mortgage on her residential property located in New Jersey

(the "Property"). ("Statement of Material Facts," ECF No. 336-19 ¶ 2.) After Plaintiff defaulted on the Mortgage Loan, U.S. Bank initiated a foreclosure action against her on March 2, 2021, in the Superior Court of New Jersey, Mercer County. (*Id.* ¶ 1.) On August 20, 2021, Plaintiff, who was represented by counsel at that time, filed an Answer and more than twenty affirmative defenses, along with counterclaims against U.S. Bank sounding in fraud, unjust enrichment, violations of Real Estate Settlement Procedures Act ("RESPA") and Truth in Lending Act ("TILA"), bad faith, breach of fiduciary duty, Consumer Fraud Act violations, and alleged failures to provide statutory foreclosure notices. (*Id.* ¶ 3.) Plaintiff's counterclaims centered on allegations that U.S. Bank improperly handled a 2020 loan modification application. (Plaintiff's Answer in the Foreclosure Action, Ex. B., ECF No. 336-3.) After discovery and motion practice, on April 25, 2022, the state court granted summary judgment in favor of U.S. Bank on all claims and defenses, expressly finding that Plaintiff's allegations about the 2020 loan modification were unsupported. (Order Granting Summary Judgment, Ex. C., ECF No. 336-4 at 12.)

Following this ruling, Plaintiff pursued loss-mitigation review and completed a Trial Payment Plan ("TPP") in or about November 2022. (Statement of Material Facts ¶ 5.) Plaintiff then filed a motion in the foreclosure action requesting a permanent modification of her Mortgage Loan. (Entered Judgement, Ex. E, ECF No. 336-6 at 7–8.) Although U.S. Bank offered a permanent modification, the state court found that Plaintiff did not timely complete or execute it. (*Id.*) Specifically, the state court found that there was no evidence in the record to establish a "meeting of the minds," and that there was therefore no enforceable modification agreement between the parties. (*Id.*) On August 24, 2023, that same court entered a final judgment of foreclosure in favor of U.S. Bank, bringing the foreclosure proceeding to a conclusion. (Statement of Material Facts ¶ 7.)

On March 28, 2023, Plaintiff filed a separate civil action in the New Jersey Superior Court, Law Division, Mercer County against U.S. Bank, Fay Servicing, and Stern & Eisenberg, P.C. (*Id.* ¶ 8.) On June 7, 2023, the separate civil action was dismissed without prejudice, and thereafter the Superior Court ordered Plaintiff's then-counsel to pay attorneys' fees, finding that the suit had been brought "for the purpose of delay, harassment and retaliation." (*Id.* ¶ 9.)

On November 21, 2023 — three months after the final judgment of foreclosure — Plaintiff commenced the instant action in the District of New Jersey. (ECF No. 1.) Plaintiff filed an Amended Complaint on March 7, 2024 (ECF No. 44), which this Court dismissed on June 23, 2025 (ECF No. 224). In dismissing the Amended Complaint, this Court held that Plaintiff failed to comply with Rule 8 of the Federal Rules of Civil Procedure and noted that Plaintiff's claims "are likely barred by the *Rooker-Feldman* doctrine." (*Id.*)

In or around April 2024, Plaintiff filed for bankruptcy in order to stay the sheriff's sale of her property. (Order entered in the Foreclosure Action and Plaintiff's Ch. 13 Bankruptcy Petition, Ex. K, ECF No. 336-12.) The bankruptcy court denied Plaintiff's request to stay the sale (*id.*) and ultimately closed the case without granting relief to Plaintiff on any of her claims (Final Decree, Ex. M, ECF No. 336-14).

Plaintiff also initiated an adversary proceeding in bankruptcy court against U.S. Bank and Fay Servicing on January 3, 2025, again challenging the validity and amount of the lien, and asserting that Defendants were attempting to collect "inflated" sums without proper documentation and that she was improperly denied a loan modification. (Plaintiff's Complaint to Adversary Proceedings, Ex. N, ECF No. 336-15.) On March 20, 2025, the adversary proceeding was "dismissed for lack of jurisdiction due to dismissal of main bankruptcy case." (Order Dismissing Plaintiff's Chapter 7 Bankruptcy Proceeding, Ex. P, ECF No. 336-19.)

On July 22, 2025, Plaintiff filed the Second Amended Complaint in this matter. ("SAC," ECF No. 253.) The SAC, like the FAC, is generally unclear and difficult to follow. Based on the Court's reading, it appears that Plaintiff is alleging that she does not have certain discovery related to the loan modification. (SAC at 2–3.) She is further contending that her loan modification should have become permanent and that Fay Servicing, by denying Plaintiff's modification request, is in breach of contract. (*Id.*, Ex. A at 1.)

## II. **LEGAL STANDARD**

Rule 56[1] provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). The moving party bears the burden of establishing that no genuine dispute of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine dispute as to a material fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine disputes of

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

material fact exist). "[U]nsupported allegations in . . . pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990).

In deciding a motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 248–49. The summary judgment standard, however, does not operate in a vacuum. The Court "must view the evidence presented through the prism of the substantive evidentiary burden," *id.* at 254, and construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny P.A.*, 139 F.3d 386, 393 (3d Cir. 1998).

## III. DISCUSSION[2]

In Defendants' Motion, they argue that Plaintiff's claims are barred under *Rooker-Feldman,* the entire controversy doctrine, *res judicata* and collateral estoppel, bankruptcy court preclusion, and Rule 8/*Twombly-Iqbal*. (Moving Br. at 6–15.) Defendants' further request an order enjoining Plaintiff from commencing any future actions against U.S. Bank and Fay Servicing without leave of court. (*Id.* at 15.)

For the reasons set forth below, to the extent Plaintiff is challenging the judgment in the foreclosure action, this Court does not have jurisdiction to review that judgment pursuant to the *Rooker-Feldman* doctrine. Any remaining claims are barred under New Jersey's entire controversy doctrine. Moreover, although Plaintiff has filed several meritless lawsuits in various courts, the Court concludes that her conduct to date does not warrant an injunction against future litigation. Nevertheless, if Plaintiff continues to file lawsuits against U.S. Bank and Fay Servicing

[2] Plaintiff failed to comply with Local Civil Rule 56.1, which required Plaintiff to submit a responsive statement of material facts addressing each paragraph in Defendants' statement of material facts. As such, Defendants' statement of material facts will be deemed undisputed for purposes of summary judgment. *See Rodriguez v. United Prop. and Casualty Insur. Co.*, Civ. No. 18-16939, 2020 WL 13830350, at *2 (D.N.J. April 29, 2020).

concerning the Mortgage Loan or the subsequent foreclosure of the Property, Defendants may, at that time, move again for an injunction in this Court.

**A. ROOKER-FELDMAN DOCTRINE**

The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005). Application of this "narrow" doctrine deprives a federal district court of jurisdiction to hear a case. *See Lance v. Dennis*, 546 U.S. 459, 464 (2006). Accordingly, the Third Circuit has held that there are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Id.*

Here, it is clear that the first and third factors have been met. Plaintiff lost in state court and the state court judgment was rendered before Plaintiff initiated this action. However, given that the SAC is not a model of clarity, whether Plaintiff's injuries were caused by the state court judgment or whether Plaintiff is seeking to have this Court review and reject the state court judgment, is a closer call.

1. <u>Factor Two</u>

With respect to the second factor, *Rooker-Feldman* is not a bar to jurisdiction when the plaintiff's asserted injury is caused by the defendant's actions and not by the state-court judgment. *See Great W. Mining & Mineral Co.*, 615 F.3d at 166. The critical task for the court is to "identify

those federal suits that profess to complain of injury by a third party, but actually complain of injury produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Id.* at 167 (citation modified).

In a case akin to the present matter, the Third Circuit found that the plaintiff's claims were independent of the state-court judgment. S*ee Shibles v. Bank of America, N.A.*, 730 F. App'x 103, 106 (3d Cir. 2018). In *Shibles*, the plaintiff obtained a mortgage for real property in New Jersey. *See id.* at 104. After experiencing some financial difficulty, the plaintiff informed the defendant that she needed loss mitigation assistance, after which the defendant sent the plaintiff a trial modification contract. *See id.* That contract stated that if the plaintiff could comply with a reduced payment plan during a trial period, her mortgage would be modified. *See id.* The plaintiff complied with the payment plan, but the defendant nevertheless commenced foreclosure proceedings against the plaintiff in state court. *See id.* Ultimately, the state court entered default judgment against the plaintiff and sold her house at a sheriff's sale. *See id.* The plaintiff then initiated a federal action, alleging state law fraud and breach of contract claims against the defendant. *See id.* The Third Circuit held that the *Rooker-Feldman* doctrine did not apply because the plaintiff did not allege that she was harmed by the state court's foreclosure judgment itself; rather, she claimed that her injury stemmed from the defendant's conduct that led to the foreclosure proceeding. *See id.* at 106.

Conversely, in *Merritts v. Richards*, the plaintiff filed an action in federal court after a state court issued easements to the Pennsylvania Department of Transportation's ("PennDOT") following a condemnation action over the plaintiff's property. 62 F.4th 764, 768 (3d Cir. 2023). In federal court, the plaintiff alleged that PennDOT's acquisition of the easements and the compensation offered for them violated the U.S. Constitution and Pennsylvania law. *See id*. The

Third Circuit held that those claims were barred under *Rooker-Feldman* because, in part, the source of the plaintiff's legal injury was the judgment in the condemnation proceedings. *See id.* at 778. It was the judicial ruling, rather than any independent action by PennDOT or its officials, that caused the plaintiff's legal injuries related to the acquisition of the easements. *See id*.

Similarly, in *Doncheva v. Citizens Bank of Pennsylvania*, the Third Circuit held that a plaintiff's claims were barred by the *Rooker-Feldman* doctrine because they sought to vacate the state court judgment. 820 F. App'x 133, 136 (3d Cir. 2020). There, the plaintiff's home was foreclosed on in a state court proceeding and the plaintiff subsequently filed suit in federal court seeking to vacate the state court judgment and have the district court declare that the plaintiff owned the home. *See id*.; *see also Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013) (holding that *Rooker-Feldman* applied where the plaintiff asserted that the bank had no right to foreclose on the property and sought to have the deed to the property restored to him).

After a review of the SAC, it is not entirely clear whether Plaintiff's alleged injuries stem from the state court judgment itself or from Defendants alleged unlawful conduct. At certain points in the SAC, Plaintiff appears to allege that Defendants breached their contract with Plaintiff. At other times, she appears to complain about the final foreclosure judgment entered by the state court. Given the lack of clarity in the SAC, the Court is unable to discern whether factor two is met. However, if Plaintiff is alleging injuries that stem from the state court judgment itself, factor two would be met.

2. <u>Factor Four</u>

The fourth factor requires a court to look at whether a plaintiff's complaint invites the court to "review and reject" the state court judgment. *See Great Western*, 615 F.3d at 166. This factor concerns "whether the federal court must conduct 'prohibited appellate review' of state-court decisions." *In re Phila. Ent. & Dev. Partners*, 879 F.3d 492, 500 (3d Cir. 2018). "Prohibited

appellate review means a review of the proceedings already conducted by the lower tribunal to determine whether it reached its result in accordance with law." *Id.* It does not matter if the claim concerns a matter previously litigated in state court, so long as the federal plaintiff brings an independent claim, "even if that claim denies a legal conclusion reached by the state court." *Id.* "In other words, if the federal court's review does not concern the bona fides of the prior judgment, the federal court is not conducting appellate review, regardless of whether compliance with the second judgment would make it impossible to comply with the first judgment." *Id.* *Rooker-Feldman* therefore does not apply because in that situation the plaintiff "is not complaining of legal injury caused by a state court judgment because of a legal error committed by the state court." *Id.*

Here, again, Plaintiff's allegations are unclear. To the extent Plaintiff is asking this Court to review and reject the state court's decision to foreclose on Plaintiff's property, factor four is met and this Court does not have jurisdiction to consider that claim. However, to the extent Plaintiff is asking this Court to consider whether Defendants breached a contract, committed fraud, or violated other statutory schemes, those are independent legal issues that arise regardless of the outcome of the state court proceeding. Of course, these legal issues may overlap with the state court judgment, but that does not mean this Court is required to review and reject the state court's order. As the Third Circuit has explained, "a federal court can address the same issue and reach a conclusion contrary to a judgment by the first court, as long as the federal court does not reconsider the legal conclusion reached by the state court." *Id.* at 501–02.

Thus, given the lack of clarity in the SAC, once again, the Court is unable to discern whether the *Rooker-Feldman* doctrine applies. However, such a finding is not necessary for the Court to resolve Defendants' Motion. That is because even if *Rooker-Feldman* does not apply, as will be explained below, Plaintiff's claims are barred by New Jersey's entire controversy doctrine.

**B. ENTIRE CONTROVERSY DOCTRINE**

Plaintiff's remaining claims not barred by *Rooker-Feldman* are nonetheless barred by New Jersey's entire controversy doctrine. That doctrine, codified at New Jersey Rules of Court Rule 4:30A, "requires a party to bring in one action 'all affirmative claims that [it] might have against another party, including counterclaims and cross-claims,' and to join in that action 'all parties with a material interest in the controversy,' or be forever barred from bringing a subsequent action involving the same underlying facts." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 855 (3d Cir. 1997) (quoting *Circle Chevrolet Co. v. Giordano, Halleran & Ciesla*, 142 N.J. 280 (1995)); *see also Coleman v. Chase Home Fin. LLC*, 446 F. App'x 469, 472 (3d Cir. 2011) ("It is a commonality of facts, rather than a commonality of issues, parties, or remedies that defines the scope of the controversy.") (internal quotation modified). A party therefore "cannot withhold part of a controversy for later litigation even when the withheld component is a separate and independently cognizable cause of action." *In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008) (citation omitted). This also applies to counterclaims. *See Kaul v. Christi*, 372 F. Supp. 3d 206, 238 (D.N.J. 2019); *Marigold Mgmt, Inc. v. Arumugam*, App. Nos. 5849-17T3, 0434-18T3, 2020 WL 5033394, at *11 (App. Div. Aug. 26, 2020).

"The limits of the entire controversy doctrine with regards to foreclosure actions are necessarily somewhat narrower, as N.J. Ct. R. 4:64–5 requires that only 'germane' counterclaims may be joined in a foreclosure action." *Coleman*, 446 F. App'x at 472. New Jersey applies a liberal, rather than narrow, approach to determine which types of claims are germane. *See Adelamn v. BSI Fin. Servs., Inc.*, 453 N.J. Super. 31, 38 (App. Div. 2018). A claim is germane if it "aris[es] out of the mortgage transaction which is the subject of the foreclosure action." *Puche v. Wells Fargo N.A.*, 256 F. Supp. 3d 540, 549 (D.N.J. 2017).

Here, Plaintiff's causes of action arise out of the foreclosure action initiated by U.S. Bank on March 2, 2021. In that proceeding, Plaintiff asserted more than twenty affirmative defenses, along with numerous counterclaims sounding in fraud, unjust enrichment, violations of RESPA and TILA, and bad faith, among others. Her counterclaims centered on allegations that U.S. Bank improperly handled her 2020 loan modification application. Plaintiff also claimed that she was entitled to a permanent loan modification after completing a TPP in or about November 2022. However, despite Plaintiff's allegations and defenses raised in that case, the Superior Court entered a final judgment of foreclosure in favor of U.S. Bank on August 24, 2023.

In the SAC, Plaintiff appears to attempt to revive many of these same claims, including by asserting issues with the TPP and that she was entitled to a permanent modification of her payment plan. (SAC at 1.) She also appears to be asserting claims related to violations of RESPA, fraud, and breach of contract. (*Id.* at 5–6.) All of these claims should have been, or were, brought in the foreclosure action. They are necessarily germane to the foreclosure proceeding, because, if there was permanent modification or fraud in the mortgage, a judgment of foreclosure would not have been entered. Accordingly, Plaintiff's claims that are not barred by the Rooker-Feldman doctrine will be dismissed with prejudice pursuant to the entire controversy doctrine.[3]

**C. THE ALL WRITS ACT**

Defendants also request that this Court "permanently enjoin Plaintiff from filing any new lawsuits or complaints against Fay and USBNA that arise from or relate to Plaintiff's Mortgage Loan, the Property, the 2020 loan modification denial, the purported illegal fees, the 2022 trial

---

[3] Because the entire controversy doctrine "applies not only to actual or potential claims between the parties in the first suit but also extends to all those in privity with the parties involved in the preceding litigation," Plaintiff's claims against Fay Servicing are also properly dismissed. *Kaul v. Christie*, 372 F. Supp. 3d 206, 239 (D.N.J. 2019). Fay Servicing was the loan servicer on the mortgage and was therefore in privity with U.S. Bank. *See In re Singletary*, 659 B.R. 43, 54 (Bankr. D.N.J. 2024) (holding that the entire controversy doctrine barred the plaintiff's claims against the servicer of the mortgage because it was in privity with the lender).

plan and loan modification agreement, and any other claim that has already been fully litigated and shown to be without merit, without first seeking leave from this Court." (Moving Br. at 16.)

Under the All Writs Act, 28 U.S.C. § 1651(a), a district court may impose filing injunctions on litigants who have engaged in "a continuous pattern or groundless and vexatious litigation." *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). "Such an injunction is an exception to the general rule of free access to the courts and its use against a pro se plaintiff must be approached with caution." *Gupta v. Wipro Ltd.*, 765 F. App'x 648, 651 (3d Cir. 2019). The Third Circuit has described this as an "extreme measure" that must "be narrowly tailored and sparingly used." *Id.* (quoting *In re Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Before a district court may issue such an injunction, it must comply with the following requirements:

> (1) the order should be entered only in exigent circumstances, such as when a litigant continuously abuses the judicial process by filing meritless and repetitive actions; (2) the District Court must give notice to the litigant to show cause why the proposed injunction should not issue; and (3) the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case.

*Gupta*, 765 F. App'x at 651.

Although the Court acknowledges that Plaintiff appears to have filed various lawsuits concerning the foreclosure of her Property, those actions were filed in courts of different jurisdictions, and there is no indication that Plaintiff has repeatedly filed lawsuits in the same courts following the dismissal of those cases. Accordingly, at this time, the Court does not find that an injunction is warranted. Plaintiff is cautioned, however, that any further meritless lawsuits concerning her Mortgage Loan, the Property, the 2020 denial of her loan modification application, or the 2022 trial plan and loan modification agreement may result in an Order to Show Cause directing her to explain why an injunction should not be issued against her and why she should not be required to pay defendants' fees and costs.

## IV. CONCLUSION

For the reasons stated above, the Court will **GRANT-IN-PART** and **DENY-IN-PART** Defendants' Motion. Plaintiff's claims seeking to disturb the state court foreclosure judgment will be **DISMISSED**, and because any further amendment would be futile, the dismissal will be without prejudice and without leave to amend. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Plaintiff's remaining claims will be **DISMISSED WITH PREJUDICE**. An appropriate Order will follow.

Date: August 18, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**